FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

99 FEB -4 PM 12: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| H.T. HUDSON and VIRGINIA T. HUDSON, | ) ) ) | |
| Plaintiffs. | ) ) ) | |
| vs. | ) | CV-99-BU-0138-M |
| THE LIFE INSURANCE CO. OF VIRGINIA; GEORGE L. WEBB; WALTER L. NESBITT, | ) ) ) ) ) | |
| Defendants. | ) | |

ENTERED

FEB 0 4 1999

MEMORANDUM OPINION

This case is presently before this Court on Plaintiffs' Motion to Remand and Defendant's Motion for Leave to Take Depositions. The Plaintiffs' Motion is due to be granted and the Defendants' Motion is due to be denied.

Plaintiff H.T. and Virginia Hudson filed this case against Life Insurance Co. of Virginia [hereinafter "Virginia Life"], Walter L. Nesbitt and George L. Webb, contending that Webb and Nesbitt, as agents of Virginia Life misrepresented and or suppressed material facts regarding an insurance policy issued on the life of H.T. Hudson and a rider on the life of Virginia Hudson.

Defendant Virginia Life[1] removed this case from the Etowah County Circuit Court alleging that the joinder of two Alabama residents, Walter L. Nesbitt and George L. Webb, was

---

[1] Life Insurance Co. of Virginia represents that it is now known as GE Life and Annuity Assurance Co.

1

9

fraudulent.² With its Notice of Removal, Virginia Life filed a Motion for Leave to Conduct Depositions on the Issue of Fraudulent Joinder. (Doc. 4) Plaintiffs, the Hudsons, filed a Motion to Remand objecting to the removal. (Doc. 6) This Court, after a review of the record, finds that the individual defendants, Webb and Nesbitt, are not fraudulently joined in this action; therefore this Court is without subject-matter jurisdiction and the case is due to be remanded to the Circuit Court of Etowah County. The Motion for Leave to Conduct Depositions on the Issue of Fraudulent Joinder is due to be denied.

Federal courts are courts of limited jurisdiction. Therefore, this Court may hear only cases that the Constitution or Congress has authorized. A federal court has jurisdiction over cases involving parties from different states when the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). The defendant, in such a case, may remove an action from state court to federal court if the case originally could have been brought in federal court. 28 U.S.C. § 1441(a).

A defendant seeking to remove a case from state court to federal court has the burden of proving the existence of federal jurisdiction. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Because federal jurisdiction is limited, the Eleventh Circuit has held that cases removed from state court are to be remanded "where federal jurisdiction is not absolutely clear." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala.

---

²Nesbitt filed his consent to joinder in the removal. (Doc.5) Webb as not been served.

1998)(citing *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). To this end, removal statutes are strictly construed, with all doubts resolved in favor of remand. *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996), *cert. denied*, ___ U.S. ___, 117 S. Ct. 1349, 137 L. Ed. 2d 506 (1997)). Moreover, all facts alleged in the Complaint are construed in favor of Plaintiffs and all "uncertainties' regarding the substantive state law are resolved in favor of Plaintiffs. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

Virginia Life removed this case on the ground that individual Defendants Webb and Nesbitt, residents of the State of Alabama, were fraudulently joined. The Hudsons are residents of Alabama. Their Complaint contains allegations of misrepresentation and suppression against Virginia Life, a non-resident corporation, and Webb and Nesbitt, Alabama residents. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). If Webb and Nesbitt have been fraudulently joined with Virginia Life; this Court has jurisdiction over this action. If Webb and Nesbitt have not been fraudulently joined in this action, this Court is without jurisdiction and this matter must be remanded to the Etowah County Circuit Court.

Joinder is "fraudulent" for purposes of determining if removal was proper is three ways:

    1. "[T]here is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287 (citing *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded, on other grounds, by statute, as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993).

    2. "[T]here is outright fraud in the plaintiff's pleading of jurisdictional facts." *Id.* (citing *Coker*, 709 F.2d at 1440).

    3. "[A] diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against

3

the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

Virginia Life asserts the first type of fraudulent joinder. It contends that "there is no possibility that the plaintiff can prove a cause of action" against Webb and Nesbitt because the claim against them is time barred. (Notice of Removal (Doc. 1) ¶¶ 10-14)

"'If there is a *possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.' The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Id.* (quoting *Coker*, 709 F.2d at 1440-41)(emphasis added). Thus, in order for this Court to find that the joinder of the agents was fraudulent this Court must find that the Alabama court would find that the complaint fails to state a valid claim against Webb and Nesbitt.

In Alabama, a complaint fails to state a claim because it is time-barred only "[i]f the face of the complaint demonstrates that *discovery* [of the fraud] occurred more than [two] years prior to the bringing of the suit." *Miller v. SCI Systems, Inc.*, 479 So. 2d 718, 719 (Ala. 1985). The Complaint alleges that the Hudsons did not discover the alleged fraudulent misrepresentations and/or suppressions until 1998. Complaint ¶¶ 12-13. Virginia Life contends that the Hudsons should have discovered the alleged misrepresentations and suppressions when Mr. Hudson received the policy, as well as "a number of other documents which explained how the policy might perform and was performing." (Notice of Removal, p. 5) However, these documents are not before this Court and therefore, it cannot say that the Alabama court -- considering "all the

4

circumstances surrounding the transaction, including mental capacity, education background, relative sophistication, and bargaining power of the parties"[3] – would find that the Complaint could not possibly state a claim against Webb and Nesbitt. For purposes of determining whether the Complaint states a claim against Webb and Nesbitt, the face of the complaint is dispositive. The Complaint states a valid claim against Webb and Nesbitt; thus this case is due to be remanded.

Virginia Life notes that Alabama recently returned to a "reasonable reliance" standard, as opposed to the subjective, "justifiable reliance" standard. *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997). However, this change in the status of Alabama's reliance standards, and its resultant effect on when fraud is discovered, do not change the result. Clearly, the Complaint does not state that the Hudsons' policies and or notices put them on notice more than two years before this case was filed and the Complaint does not attach the policy and or notices that Virginia Life contends, as a matter of law, put the Hudsons on notice of the misrepresentations and suppressions more than two years before this case was filed.[4] Moreover, Virginia Life, in its Notice of Removal, does not contend that Virginia Hudson -- as opposed to H.T. Hudson -- ever received the documents purportedly received by Mr. Hudson. Thus, there is no contention that the joinder of Webb and Nesbitt was fraudulent as to the claims asserted by

---

[3]*Murray v. Sevier*, 993 F. Supp. 1394, 1402 (M.D. Ala. 1997)(quoting *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997)).

[4]In Alabama, documents attached to or referenced in the Compliant may be considered when determining whether a Complaint states a cause of action. *McCay v. Big Town, Inc.*, 293 Ala. 582, 584-585, 307 So. 2d 695, 697 (1975)(citing 5 Wright & Miller, *Federal Practice: Civil* § 1357).

5

Virginia Hudson. Thus, the face of the Complaint does not indicate that "a reasonably prudent person who exercises care would have discovered the true facts,"[5] even though Virginia Life claims it is so, and nothing in the removal notice indicates that the statute of limitations expired prior to the time Virginia Hudson filed her claims.

Because the Complaint states a claim against Webb and Nesbitt, Alabama residents, there is not complete diversity in this case. Thus, the Court does not have jurisdiction and the cause is due to be remanded.

Virginia Life has filed a Motion for Leave to Conduct Depositions on the Issue of Fraudulent Joinder. As stated supra, the issue of fraudulent joinder is determined by Complaint. As stated above, Virginia Life contends the joinder of Webb and Nesbitt is fraudulent because "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." The law is clear and well-established:

> A district court need not and should not conduct a full scale evidentiary hearing on questions of fact affecting the ultimate issues of substantive liability in a case in order to make a preliminary determination as to the existence of subject matter jurisdiction. The question of whether the plaintiff has set forth a valid claim against the in-state defendant(s) should be capable of summary determination.

B., Inc. v. Miller Brewing Co., 663 F2d. 545, 549 (5th Cir. Unit A 1981), *cited in Crowe v. Coleman*, 113 F.2d 1536, 1542 (11th Cir. 1997).

Although the deposition testimony may support Virginia Life's contention that this action is time-barred against both it and its agents, there is a possibility – a strong possibility – that

---

[5]*Torres v. State Farm Fire & Casualty Co.*, 438 So. 2d 757, 759 (Ala. 1983), *overruled by Hickox v. Stover*, 551 So. 2d 259 (Ala. 1989), *overruled by and* Torres *re-adopted by, Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 421 (Ala. 1997).

6

Alabama would find that the Complaint states a claim, despite Defendants' claims that the action is time-barred. The fact that Virginia Life may ultimately prove that the action is time-barred does not change the reality that the Complaint states a claim against Webb and Nesbitt under Alabama law.

Thus, the Motion for Leave to take Deposition is due to be denied.

## CONCLUSION

Based on the foregoing, this Court finds that Virginia Life has failed to prove by a preponderance of the evidence that Defendants Webb and Nesbitt were fraudulently joined. Therefore, the case lacks complete diversity. This action will be REMANDED to the Circuit Court of Etowah County, Alabama and Virginia Life's Motion for Leave to Take Depositions will be DENIED in a separate order entered contemporaneously herewith.

DONE this 3rd day of February, 1999.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE